UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------- x
JILL FERGUSON, on behalf of herself and        :
similarly situated employees,                  :
                                               :
      *Plaintiff,*                 :   Civil Action No. 2:18-cv-00470 MJH
                                               :
      v.                          :   Electronically Filed
                                               :
AQUATECH INTERNATIONAL, LLC,                   :
                                               :
      *Defendant.*                :
------------------------------------------------- x

**Joint Motion for Approval of FLSA Settlement**

Plaintiff Jill Ferguson and Defendant Aquatech International, LLC, by and through their respective counsel, respectfully seek the Court's approval of the settlement of claims brought under the Fair Labor Standards Act, 29 U.S.C. § 207(a). In support of the motion, the parties state as follows:

1. Plaintiff Jill Ferguson filed the original class- and collective-action complaint in this matter on April 11, 2018. [ECF No. 1.] According to that complaint, Defendant Aquatech International, LLC, misclassified the "salaried employees performing non-exempt work" who worked out of Defendant's Canonsburg, Pennsylvania, office as exempt from the overtime requirements of the Fair Labor Standards Act (FLSA) and Pennsylvania Minimum Wage Act (PMWA).

2. On February 28, 2019, Plaintiff amended her complaint to remove the class- and collective-action allegations and to convert this lawsuit into an individual action on behalf of Plaintiff Jill Ferguson. [ECF No. 28.]

3. The parties engaged in robust discovery, including extensive written discovery, document production and depositions.

4. On or about March 8, 2019, Plaintiff Jill Ferguson and Defendant Aquatech International, LLC, agreed to settle the FLSA and PMWA claims asserted against Defendant by Plaintiff. Plaintiff agreed to release all of her claims against Defendant in exchange for the payment of $50,000, plus other terms and conditions, as set forth in the settlement agreement attached as Exhibit A.

5. The settling parties now seek the Court's approval of the settlement terms set forth in the settlement agreement attached as Exhibit A.

6. Although the Third Circuit "has not yet weighed in on whether court approval of settlement agreements is required in FLSA cases," *Mesta v. Citizens Bank, N.A.*, 2015 WL 4039358, at *1 (W.D. Pa. June 30, 2015), certain federal courts of appeals have held that the private settlement of individual FLSA claims is not valid and enforceable absent judicial review and approval of the terms of settlement, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 201-07 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982). That view has been adopted by courts and litigants in this district. *See Sobiech v. Whipperhill Consulting, LLC*, 2015 WL 6736820, at *1 (W.D. Pa. Nov. 3, 2015) (Eddy, J.); *Pollock v. Byrider Finance, LLC*, 2015 WL 4040400, at *1 (W.D. Pa. June 30, 2015) (Lenihan, J.); *Weismantle v. Jali*, 2015 WL 1866190, at *1 (W.D. Pa. Apr. 23, 2015) (Hornak, J.); *Vargas v. Gen. Nutrition Centers, Inc.*, 2015 WL 4155449, at *1 (W.D. Pa. Mar. 20, 2015) (McVerry, J.).

7. Before approving a proposed FLSA settlement, the district court should determine whether "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's

overreaching.'" *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. June 20, 2012) (quoting *Lynn's Food Stores*, 679 F.2d at 1354). "In scrutinizing the agreement for reasonableness and fairness, courts generally proceed in two steps, first considering whether the agreement is fair and reasonable to the plaintiff-employees and, if found to be fair and reasonable, then considering whether it furthers or 'impermissibly frustrates' the implementation of the FLSA in the workplace." *Altenbach v. Lube Ctr, Inc.*, 2013 WL 74251, at *1 (M.D. Pa. Jan. 4, 2013) (quoting *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337, at *4 (E.D. Pa. Mar. 26, 2012)).

8. The settlement terms memorialized in the settlement agreement attached as Exhibit A are fair and reasonable. In this lawsuit, Plaintiff asserts claims for unpaid overtime compensation under the FLSA and PMWA as well as retaliation under the FLSA. Plaintiff has agreed to settle her FLSA and PMWA claims for a total sum of $50,000, inclusive of fees and costs. This settlement allows the settling Plaintiff to recover a reasonable sum from Defendant while avoiding the substantial burdens and costs of continued litigation. The settlement also allows Plaintiff to recover her litigation costs and to avoid the risk of loss at trial or on appeal. Thus, it is a fair and reasonable settlement.

9. This lawsuit also involves a bona fide employment dispute. A bona fide employment dispute is one that relates to factual issues rather than legal disputes concerning the statute's coverage or applicability. *See Lignore v. Hosp. of Univ. of Pa.*, 2007 WL 1300733, at *3 (W.D. Pa. May 1, 2007). That is the case here: The parties have elected to settle this lawsuit to resolve disagreements about the extent to which Plaintiff performed exempt tasks in the course of her employment for Defendant. Plaintiff maintains that her primary duty as a Payroll Specialist did not require the exercise of discretion and independent judgment on matters of significance but

was to fill out spreadsheets and use other administrative software, and to work closely with the third-party administrator hired for payroll, to make sure Aquatech's employees (at all Aquatech locations) were paid (see ECF No. 28, par. 17). Defendant, however, contends that Plaintiff exercised significant discretion on matters of significance related to the company's general business operations and, thus, was properly classified as an exempt employee. In addition, Defendant contests that Plaintiff, in fact, worked in excess of forty hours in any workweek during her employment with Defendant. These disagreements about Plaintiff's primary job duties and whether she, in fact, ever worked overtime constitute a bona fide employment dispute, and accordingly the settlement of that dispute is not a "mere waiver of statutory rights," *see Cuttic*, 868 F. Supp. 2d at 466.

WHEREFORE, Plaintiff Jill Ferguson and Defendant Aquatech International, LLC, respectfully ask the Court to approve the settlement of the FLSA claims that Plaintiff asserts in this lawsuit.

A proposed order is attached.

Dated: March 15, 2019

s/ Joseph H. Chivers
Joseph H. Chivers
jchivers@employmentrightsgroup.com
The Employment Rights Group
100 First Avenue, Suite 650
Pittsburgh, PA  15222
(412) 227-0763

John R. Linkosky, Esquire
linklaw@comcast.net
715 Washington Avenue
Carnegie, PA 15106-4107
(412) 278-1280

*Counsel for Plaintiff*

s/ Christian C. Antkowiak
Christian C. Antkowiak
christian.antkowiak@bipc.com
David J. Laurent
David.laurent@bipc.com
Ryan J. Wilk
ryan.wilk@bipc.com
Buchanan Ingersoll & Rooney PC One Oxford Centre
20th Floor
Pittsburgh, PA 15219
(412) 562-8800

*Counsel for Defendant*
*Aquatech International, LLC*